(August 11, 2005)

■ MIDORI SHIMAMOTO, as Administratrix of the Estate of BART SCHWARTZ, Deceased, et al., Appellants, v S&F WAREHOUSES, INC., et al., Respondents. (And a Third-Party Action.) [800 NYS2d 667]—

Orders, Supreme Court, New York County (Lottie E. Wilkins, J.), entered December 18, 2003, and July 19, 2004, which

dismissed the complaint, cross claims, and third-party complaint on the ground that plaintiff failed to present a prima facie case at trial, and bringing up for review a prior ruling dismissing the complaint as against the defendant law firm, unanimously reversed, on the law, without costs, the complaint and cross claims reinstated as against all defendants-respondents, the third-party complaint reinstated, and the matter remanded for a new trial.

Plaintiffs seek to recover damages for defendants' alleged failure, in enforcing a warehouseman's lien on a quantity of spun rayon fabric (known as "ultra cashmere") owned by plaintiffs, to sell such goods in a commercially reasonable manner (see UCC 7-210 [1], [9]). The Court of Appeals previously remanded the case for a new trial, at which plaintiffs were to have an opportunity to prove "how some aspect of the sale rendered it commercially unreasonable, resulting in lower proceeds than a commercially reasonable sale would have produced" (99 NY2d 165, 176 [2002]). The Court of Appeals specified that plaintiffs were required to show that "a commercial market for ultra cashmere existed at the time of the sale [1991]," so that a commercially reasonable sale "would have yielded proceeds in excess of the warehouse lien and the outstanding customs lien, sufficient to warrant a recovery in damages" (id.).

On remand, the trial court excluded plaintiffs' proffer of testimony from a number of expert witnesses estimating ultra cashmere's market value in 1991, which estimates were based on comparison to the 1991 market value of similar spun rayon fabrics, given that ultra cashmere was no longer in production at that time. Having refused to admit such evidence, the trial court dismissed the complaint at the close of plaintiffs' case on the ground that plaintiffs failed to present a prima facie case. This was error. Plaintiffs' evidence concerning the market value of ultra cashmere in 1991 was relevant, admissible and sufficient to make out a prima facie case. The weaknesses of such evidence, if any, were for the jury to consider in determining whether plaintiffs had carried their burden of proof.

Finally, the pretrial dismissal of the complaint as against the defendant law firm, which organized the sale, was erroneous, given that the Court of Appeals had specifically reinstated the complaint against the law firm (see 99 NY2d at 176). Concur—Buckley, P.J., Mazzarelli, Saxe, Friedman and Catterson, JJ.